# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:17-CR-185 |
|---|---|---|
| v. | : | (Chief Judge Conner) |
| DONCARLOS URRUTIA, | : | |
| Defendant | : | |

## MEMORANDUM

The court sentenced defendant DonCarlos Urrutia ("Urrutia") to 180 months' imprisonment after he pled guilty to possession of a firearm by a convicted felon. Urrutia's sentence reflects the mandatory minimum established by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Urrutia moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 85). We will deny Urrutia's motion.

## I. Factual Background & Procedural History

In June 2017, a grand jury returned an indictment charging Urrutia with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Nine months later, Urrutia pled guilty—pursuant to a written plea agreement—to the single-count indictment. In exchange for Urrutia's guilty plea, the government agreed to recommend the mandatory minimum 15-year term of imprisonment at sentencing. (See Doc. 58 ¶¶ 1, 2, 11). Urrutia subsequently withdrew his not-guilty plea and pled guilty to Count 1. On July 25, 2018, the court sentenced Urrutia to 180 months' imprisonment pursuant to the ACCA mandatory

minimum, 18 U.S.C. § 924(e)(1). Urrutia did not appeal his conviction or sentence to the Third Circuit Court of Appeals.

Urrutia filed a *pro se* "motion for reconsideration of sentence" approximately seven months after sentencing. (Doc. 79). The court provided Urrutia with notice pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), that it intended to construe his filing as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon receipt of this notice, Urrutia formally elected to have his motion for reconsideration of sentence construed and ruled upon under Section 2255. The government responded to Urrutia's motion, which is now ripe for disposition.

## II.    **Legal Standard**

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s]

2

any facts warranting § 2255 relief that are not clearly resolved by the record." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

## III. Discussion

Urrutia advances two primary arguments in his Section 2255 motion, neither of which has merit. He first asserts that his sentence is illegal under Alleyne v. United States, 570 U.S. 99 (2013), because his ACCA predicate offenses were not found by a jury beyond a reasonable doubt. In a related claim, Urrutia contends that his trial counsel was ineffective under the Sixth Amendment for failing to identify the Alleyne violation and instead recommending that Urrutia plead guilty to an illegal enhancement under Section 924(e).[1]

We initially note that Urrutia's first claim, which undergirds his ineffective-assistance-of-counsel claim, is procedurally defaulted. Urrutia provides no reason why this Alleyne-based challenge to the legality of his sentence could not have been raised at sentencing or on direct appeal. See United States v. Travillion, 759 F.3d 281, 288 n.11 (3d Cir. 2014) (citing United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d

---

[1] Urrutia also appears to contend that his sentence is illegal because "mandatory minimum sentences," in general, "are no longer valid." (See Doc. 85 ¶¶ 2, 5). Urrutia vaguely references a law recently signed by "President . . . Donald Trump" and Alleyne as support for this contention. (Id.) As discussed *infra*, Alleyne's holding does not render mandatory minimum penalties illegal. We presume the recent legislation that Urrutia references is the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which likewise does not invalidate mandatory minimum sentences.

3

Cir. 1993)). Accordingly, the only cognizable claim for Section 2255 review is Urrutia's related assertion of ineffective assistance.

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on such a claim, a defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial. See id. at 687-88. The defendant bears the burden of proving both prongs. See id. at 687. Conclusory allegations are insufficient to entitle a defendant to relief under Section 2255. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Sepulveda v. United States, 69 F. Supp. 2d 633, 639-40 (D.N.J. 1999) (citing Blackledge v. Allison, 431 U.S. 63 (1977)).

To determine whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's performance falls within the broad range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90).

To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. The district court need not conduct its

analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one.  See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

Urrutia's ineffectiveness claim begins and ends with Strickland's first prong.  His allegations, taken as true, fail to establish any conduct by his appointed counsel that could possibly have fallen below prevailing professional norms.  Urrutia contends that his counsel should have known that, under Alleyne, Urrutia could not have been "sentenced to a mandatory minimum sentence . . . because [his ACCA predicate offenses were] never submitted to a jury."  (Doc. 85 ¶¶ 11, 12).  Urrutia extrapolates that he was provided constitutionally deficient advice because his attorney recommended that he plead guilty to the ACCA enhancement, which had not been found by a jury beyond a reasonable doubt.  Urrutia misunderstands Alleyne and the clear exception it provides for prior convictions.

In Alleyne, the Supreme Court of the United States, relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt.  Alleyne, 570 U.S at 103, 108.  Apprendi, however, explicitly held that "*[o]ther than a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum" must be charged and submitted to the jury.  Apprendi, 530 U.S. at 483 n.10, 490 (emphasis added).  The Alleyne Court expressly noted the continuing vitality of exempting prior convictions from the general rule regarding facts affecting punishment that must be submitted to a jury.  See Alleyne, 570 U.S. at 111 n.1 (citing Almendarez-Torres v. United States, 523 U.S.

5

224 (1998)); see also United States v. Blair, 734 F.3d 218, 226-27 (3d Cir. 2013). The Court has established this exception for prior convictions because they are "entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt[.]" Apprendi, 530 U.S. at 496.

Hence, Urrutia's ineffectiveness argument is firmly rebutted by Apprendi and Alleyne. The "fact" of his ACCA predicate offenses did not need to be found by a jury beyond a reasonable doubt. Urrutia, moreover, does not allege that his relevant prior convictions do not implicate the ACCA enhancement.[2] Consequently, Urrutia's counsel was not ineffective for advising Urrutia to enter a plea deal in which the government agreed to recommend the lowest possible sentence allowed by law for the charged offense—180 months. This was not an "illegal sentence," and Urrutia has failed to demonstrate how any purported advice he received was "[in]accurate." (See Doc. 85 ¶ 11). Urrutia's failure to establish the first Strickland prong obviates any need to discuss the prejudice prong. See Strickland, 466 U.S. at 697; Lilly, 536 F.3d at 196.

---

[2] Nor could he, as his criminal history plainly includes at least three "serious drug offenses" as that term is defined by 18 U.S.C. § 924(e)(2)(A). (See Doc. 67 ¶¶ 24, 26, 27, 28).

6

## IV. Conclusion

For the foregoing reasons, we will deny Urrutia's motion (Doc. 85) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. We will also deny a certificate of appealability, as Urrutia has failed to make the requisite "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An appropriate order shall issue.

                                              /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: June 24, 2019